**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ARMANDO RAMIREZ, | No.    19-16825 |
| Petitioner-Appellant, | D.C. No. 3:13-cv-00025-MMD-CBC |
| v. | |
| BAKER, Warden; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted October 13, 2020
San Francisco, California

Before:  McKEOWN and NGUYEN, Circuit Judges, and WHALEY,** District Judge.

Nevada state prisoner Armando Ramirez appeals from the denial of his

petition for a writ of habeas corpus in which he challenged his convictions for

conspiracy to commit murder and first degree murder with use of a deadly weapon.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

The district court granted a certificate of appealability as to his claims that trial counsel was constitutionally ineffective for failing to object to (1) the jury instruction on vicarious coconspirator liability for the murder charge, which included a reference to the "natural and probable consequences" doctrine, and (2) the jury instruction on aiding-and-abetting liability for the deadly weapon enhancement.[1] We affirm.

1. ***Exhaustion.*** Ramirez argues that these claims were not procedurally defaulted because he fairly presented them to the Nevada Supreme Court on direct review. He contends that after his substantive discussion of how the improper jury instructions violated his due process rights, he then raised these ineffective assistance claims in the alternative and cited to *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, even though the Nevada Supreme Court did not specifically address his ineffective assistance of counsel claims, Ramirez asserts that he nevertheless exhausted these grounds for relief.

We agree. *See Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003) (holding that petitioner fairly presented his claim to the state court by using phrase

---

[1] In addition to these certified issues, Ramirez's brief also discusses an uncertified issue: whether he properly exhausted Ground 3 of his petition—i.e., his claim that the state trial court erred by not instructing the jury that it was the State's burden to prove that he did not act in self-defense or in the heat of passion. We construe this discussion as a motion to expand the certificate of appealability, *see* 9th Cir. R. 22-1(e), and **DENY** the motion.

"ineffective assistance of counsel" and citing the Sixth Amendment and *Strickland*). And in these situations—where the petitioner fairly presented the Sixth Amendment claim to the state court and the state court addressed a related claim but did not expressly acknowledge that it was deciding the Sixth Amendment claim in question—we "must presume that the federal claim was adjudicated on the merits." *Johnson v. Williams*, 568 U.S. 289, 301 (2013). This is especially true where the "claims are so similar mak[ing] it unlikely that the [state appellate court] decided one while overlooking the other." *Id.* at 305.

Here, Ramirez's due process and ineffective assistance claims were so intertwined—indeed, they both required the same showing of prejudice—that we must presume that the Nevada Supreme Court adjudicated his ineffective assistance claims on the merits. *Id.* at 293; *see also Sturgeon v. Chandler*, 552 F.3d 604, 611-12 (7th Cir. 2009) (when the state court addresses the claim at issue in a different context, the claim is still deemed to be adjudicated on the merits). Its decision is therefore entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d).

2. ***Deference under AEDPA.*** When AEDPA applies, federal courts may only grant habeas relief when a state court decision is "contrary to, or involve[s] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or is "based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). To be "contrary to" federal law, the state court must have "arrive[d] at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or have "decide[d] a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Moreover, to be "unreasonable," it is not enough that the state court's decision was incorrect. *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Rather, it must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

3.      ***Vicarious coconspirator liability instruction.*** It is undisputed that trial counsel performed deficiently by failing to object to the coconspirator liability instruction in light of *Bolden v. State*, 124 P.3d 191 (Nev. 2005), which held that referencing the "natural and probable consequences" doctrine for specific intent crimes (e.g., murder) is improper under Nevada law because it permits defendants to be convicted without the statutory intent required for the offense. *Id.* at 199-202. In this case, however, the Nevada Supreme Court held that Ramirez failed to demonstrate that the instructional error affected the outcome. In addition to finding Ramirez guilty of murder, the jury also found him guilty of conspiracy to commit murder—which, given the conspiracy instructions, necessarily required it to find

4

that "Ramirez possessed the specific intent to murder Ortega." ER 72. As such, "the jury would have convicted Ramirez of first-degree murder even without the erroneous instruction." ER 73. Because there is no reasonable probability that "the result of the proceeding would have been different" had trial counsel objected to the instruction, it follows that his failure to do so was not prejudicial for purposes of Ramirez's ineffective assistance claim. *Strickland*, 466 U.S. at 694. The Nevada Supreme Court's decision was therefore neither contrary to, nor an unreasonable application of, clearly established Federal law.

4. ***Instruction on aiding-and-abetting liability for the deadly weapon enhancement.*** It is likewise undisputed that trial counsel performed deficiently by not objecting to this instruction, which permitted the jury to impose the deadly weapon enhancement under an aiding-and-abetting theory but failed to also specify that the unarmed participant must have knowledge of and control over the weapon. *See Anderson v. State*, 600 P.2d 241, 243-44 (Nev. 1979). But again, the Nevada Supreme Court held that the instructional error did not affect the outcome because the evidence established that the jury imposed the enhancement based on a finding that Ramirez actually used a firearm as a principal. The Court noted that (1) only Ramirez, his coconspirator, and the victim were outside when the shooting happened, and the medical examiner found bullets from two different guns in the victim's body, (2) the maintenance person saw the shooter get into the driver's seat

5

of the getaway truck, and other witnesses confirmed Ramirez was the driver, (3) a witness saw Ramirez throw what sounded like a gun into a dumpster immediately after the shooting, and (4) Ramirez later confessed to two different people.

Because this evidence established that the jury did not rely on an aiding-and-abetting theory, the Nevada Supreme Court concluded that the jury still would have imposed the enhancement even if it had been properly instructed. And since the result would have been the same even if trial counsel had objected, his failure to do so was not prejudicial under *Strickland*, 466 U.S. at 694. Ramirez fails to point to any U.S. Supreme Court case finding a constitutional violation on a set of "facts that are materially indistinguishable," *Williams*, 529 U.S. at 406, nor does he establish that the Nevada Supreme Court's application of *Strickland*'s prejudice prong was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement."[2] *Richter*, 562 U.S. at 103.

**AFFIRMED.**

---

[2] In arguing that the Nevada Supreme Court would have reversed had trial counsel objected, Ramirez points to facts that are either irrelevant to these claims (e.g., the altercation in the apartment, which would only relate to his self-defense instruction claim), or that were within the province of the jury to weigh and resolve (e.g., the fact that no one directly saw Ramirez shoot the victim, or that the maintenance person believed the shooter wore a white shirt).